889 F.2d 291
 281 U.S.App.D.C. 276
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Theresa K. HARDY, Appellant,
v.
Louis SULLIVAN, Dep't of HHS, Appellee.
 No. 86-5717.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 17, 1989.
 
 Before WALD, Chief Judge, and D.H. GINSBURG and SENTELLE, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States Magistrate and on the briefs and oral arguments of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Appellant's claim is made under the Equal Pay Act of 1963, 29 U.S.C. Sec. 206(d)1 (1982).[1] The Magistrate made a factual finding that Appellant's duties were not substantially equal to those of her predecessors. A finding of substantial equality is necessary to an Equal Pay Act claim. See Corning Glass Works v. Brennan, 417 U.S. 188 (1973); Goodrich v. International Brotherhood of Elec. Workers, 815 F.2d 1519, 1524 (D.C.Cir.1987). We review the Magistrate's factual findings in Equal Pay Act cases under a "clearly erroneous" standard. See Goodrich, 815 F.2d at 1524; Thompson v. Sawyer, 678 F.2d 257, 274 (D.C.Cir.1982); Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 453 (D.C.Cir.1976), cert. denied, 434 U.S. 1086 (1978). As we said in Goodrich, "[t]he requirement that factual findings be upheld unless clearly erroneous, Fed.R.Civ.P. 52(a), constrains our review of the evidence." Goodrich, 815 F.2d at 1524. After review of the evidence, we conclude that the Magistrate was not clearly erroneous in his finding. Therefore, it is
 
 
 3
 ORDERED and ADJUDGED by the Court that the grant of Appellee's motion for a directed verdict pursuant to 41(b) Fed.R.Civ.P. is AFFIRMED.
 
 
 
 [1]
 Appellant also made a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-16 (1982). We conclude that the Magistrate did not err in his conclusion that Appellant failed to make out a prima facie case under Title VII